

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS                          AUSTIN 11, TEXAS

~~ATTORNEY GENERAL~~

Honorable Charles H. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:                                   Opinion No. O-6702
                                            Re: Galveston County Water Control
                                            & Improvement District No. 2; Water
                                            and sewer service, League City, Texas.

        We are in receipt of your letter in which you quote the following
letter from Mr. B. L. Gates, Secretary of the above mentioned Water Control
District:

"The water and sewer system owned by our district is in need of repairs and
extensions. Part of the properties lying in the district are not serviced
by these utilities and accordingly we are wondering if there is any legal way
by which people may vote taxes upon themselves and have it apply only to
property serviced by the water and sewer lines.

"In our discussions it has been suggested that if a tax is applied at all it
would have to apply on all the property within the district and in order to
be certain on this point, we are asking for your opinion."

        Replying to the above, you are advised that it is our opinion that no
district could levy a tax and have it apply only to property serviced by the
water and sewer lines, and this district would have no authority to levy any
tax, either on all of the property or only on that part serviced by the water
and sewer lines.

        In the first place, the Board of Water Engineers have adopted a pol-
icy of being much more strict in creating a district with authority to levy
taxes than they are with districts proposing to issue revenue bonds only. In
other words, when it is proposed to issue tax bonds, the Board requires the
plans and specifications to show that practically all persons residing with-
in the district can be furnished with the facilities of the district, whereas
in the issuance of revenue bonds, only those persons who are situated and
actually use the facilities of the district and receive the benefits of the
water and sewer systems are required to pay anything.

        In the order authorizing the issuance of bonds of the above mention-
ed district, which record is on file in the office of the Comptroller, it is

recited that the district has the lawful power to pledge the net revenues and has lawfully exercised said power under the Constitution and laws of the State of Texas, including the power existing under Articles 7880-90a, Revised Civil Statutes of Texas, with amendments thereto. Section A of the bond order contains the following:

"A. Rates. The district shall fix and maintain rates and collect charges for the facilities and services afforded by the system, which will provide revenues sufficient at all times:

"(1) To pay all reasonable operation and maintenance expenses.
"(2) To establish and maintain the Bond Fund.
"(3) To establish a Betterment and Replacement Fund.
"(4) To pay all outstanding indebtedness against the System, other than bonds, as and when the same become due."

If the rates now in effect are not sufficient to carry out the purposes enumerated above, the only solution is to amend the rate order and raise the rates of the water users so that sufficient funds will be provided for said purposes. If you were to tax only the users of water, it seems to us that the same results would be obtained by raising the rates.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ C. F. Gibson

C. F. Gibson
Assistant

APPROVED JULY 23, 1945
/s/ Carlos Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By B W B
Chairman

CFG:EP:egw